**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| Angel McLaughlin<br>222 Old Turnpike Road<br>Nottingham, NH 03290,<br><br>          Plaintiff,<br><br>     v.<br><br>Lowe's Home Centers, LLC<br>1000 Lowe's Blvd<br>Mooresville, NC 28117,<br>                    Defendant. | Civil Action No. _____ |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Lowe's Home Centers, LLC ("Defendant" or "Lowe's"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes this case from the New Hampshire Superior Court, Rockingham County.  In support of its Notice of Removal, Defendant states:

## I.     BACKGROUND AND TIMELINESS

1.     On or about March 5, 2025, Plaintiff Angel McLaughlin ("Plaintiff") filed a Complaint in the New Hampshire Superior Court, Rockingham County, titled *Angel McLaughlin v. Lowe's Home Centers, LLC*, Case No. 218-2025-CV-00310 (the "State Court Action").

2.     On March 20, 2025, via hand delivery to its registered agent, Defendant received a copy of the Complaint and Summons. A true and correct copy of the Complaint and Summons, together with all process, pleadings, and orders served upon Defendant and otherwise filed of record in the State Court Action are attached as **Exhibit A**. These documents constitute all "process, pleadings, and orders" served upon Defendant in the State Court Action as required by 28 U.S.C. § 1446(a).

3.      Because Defendant has filed this Notice of Removal within 30 days of receiving the Complaint and Summons, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

4.      Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending."

## II.      THIS CASE IS REMOVABLE BASED ON FEDERAL QUESTION.

5.      The first grounds for removal is federal question jurisdiction under 28 U.S.C. § 1331, in that Plaintiff's Complaint alleges a federal cause of action.  Specifically, Plaintiff alleges discrimination, failure to accommodate, wrongful discharge, and retaliation in violation of the Americans with Disabilities Act, as amended ("ADA") and Title VII, 42 U.S.C. § 2000e *et. seq.* ("Title VII"). *See* Compl. Counts One through Six, ¶¶ 80-124.

6.      To establish federal question jurisdiction for removal purposes, an action must be "founded on a claim or right arising under the Constitution, treaties, or laws of the United States . . . without regard to the citizenship or residence of the parties."  28 U.S.C. § 1441(b).  The United States District Court for the District of New Hampshire has subject matter jurisdiction based upon federal question jurisdiction because Plaintiff alleges violations of federal law.  28 U.S.C. §§ 1331, 1441(a) and (c); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

7.      Furthermore, if a separate or independent claim establishing federal question jurisdiction "is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein . . .".  *See* 28 U.S.C. § 1441(c).

8.      Here, Counts One through Six of the Complaint allege that Defendant violated the ADA and Title VII, and the ADA and Title VII are federal laws and such claims arise under the laws of the United States.  *See* 28 U.S.C. § 1331.  Because Plaintiff's Complaint references and articulates facts in support of a claim under federal law, removal on the basis of federal question is proper.

9.      The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), which provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  Here, Plaintiff makes it clear in the Complaint that the same alleged conduct by Defendant forms the basis of both her state law claims under the NH RSA 354-A *et seq.* and federal law claims under the ADA and Title VII.  Defendant's purported adverse employment action against Plaintiff for her alleged exercise of certain protected rights related to her alleged disability, gender, and sexual orientation, form the basis for both Plaintiff's state and federal claims.

## III.    THIS CASE IS ALSO REMOVABLE BASED ON DIVERSITY JURISDICTION.

10.     This action is also removable under 28 U.S.C. § 1441(a) because it is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1).  The requirements of 28 U.S.C. § 1332 have been met because, as set forth below, there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00.

**A.      The Parties Are Diverse.**

11.    Plaintiff is a citizen of the State of New Hampshire, residing at 222 Old Turnpike Road, Nottingham, Rockingham County, NH 03290. (Compl. (Ex. A), ¶ 4.)

12.    Defendant Lowe's Home Centers, LLC is, and at the time of the commencement of this action was, a limited liability company formed under the laws of the State of North Carolina, with its corporate headquarters and principal place of business in North Carolina.  (*See* **Exhibit B**, Declaration of Grace Ridley ("Ridley Decl.", ¶ 3).)

13.    For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of each of its members.  *See Pramco ex. rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006).

14.    Plaintiff was employed only by Lowe's Home Centers, LLC.  (*See* Ridley Dec. ¶ 7.)  Lowe's Home Centers, LLC's sole member is Lowe's Companies, Inc. (Ridley Dec. ¶ 3.)

15.    Lowe's Companies, Inc. is and was at the time the civil action was instituted a corporation organized under the laws of North Carolina. (Ridley Dec. ¶ 4.)

16.    Further, Lowe's Companies, Inc.'s headquarters—where its high-level officers direct, control, and coordinate the corporation's activities—is located in Mooresville, North Carolina. (RidleyDec. ¶ 5.) The majority of Lowe's Companies, Inc.'s executive and administrative functions take place at its headquarters in North Carolina. (*Id*.)  All of Lowe's Companies, Inc.'s executives have offices in, and regularly work from, these headquarters. (*Id*.) The functions performed at Lowe's Companies, Inc.'s North Carolina headquarters include the activities of all of its high-level management team, and the majority of its administrative functions, including payroll, accounting, purchasing, marketing, legal, human resources, and information systems. (*Id*.)  Lowe's Companies, Inc.'s company-wide policies and procedures are formulated

at the North Carolina headquarters. (*Id.*) Lowe's Companies, Inc.'s activities and operations are directed and ultimately controlled from the North Carolina headquarters. (*Id.*) Thus, Defendant Lowe's Companies, Inc., is a citizen of North Carolina.

17.     Therefore, Lowe's Home Centers, LLC is considered a citizen of the State of North Carolina.

18.     Because Plaintiff is a citizen of New Hampshire and Defendant is a citizen of North Carolina, this case is "between citizens of different states." 28 U.S.C. § 1332(a), (c).

**B.      The Amount In Controversy Exceeds $75,000.**

19.     Defendant believes in good faith that the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

20.     Specifically, in her relief requested, Plaintiff seeks recovery for, among others, (1) back pay, (2) front pay, (3) compensatory damages, (4) enhanced compensatory damages, (5) punitive damages, (6) pre-judgment and post-judgment interest, and (7) attorneys' fees. (Compl. (Ex. A), WHEREFORE CLAUSE.)

21.     Specifically, Plaintiff alleges Defendant terminated her employment on February 13, 2023, and seeks to recover for lost income, wages, and benefits as a result. (Compl. (Ex. A), ¶¶ 71-72, 77.)  Plaintiff's total base pay at the time of her separation of employment was $26.47 per hour and she was coded as full time.  (Ridley Dec. ¶ 7.)  Plaintiff's year-to-date earnings through May 5, 2023 was about $8,379.53.  Plaintiff's year-to-date total earnings in 2022 was approximately $54,537.02, which included $43,106.38 in "Regular" plus $1,422.90 in "Overtime" pay. (Ridley Dec. ¶ 8.)

22.     Plaintiff seeks to recover for alleged bonuses "earned on a quarterly basis . . . calculated as a percentage of how the store performed as a whole . . . [including a] fourth quarter

bonus for 2022 and a portion due [of Plaintiff's] first quarter bonus for 2023." (Compl. (Ex. A), ¶¶ 72, 77.)

23.    Finally, Plaintiff alleges emotional distress damages. (Compl. (Ex. A), ¶ 77).

24.    These items collectively would exceed $75,000 if Plaintiff were to prevail at trial.

25.    Consequently, the amount in controversy exceeds the jurisdictional minimum required under 28 U.S.C. § 1332(a) because Plaintiff's claimed damages in this case easily exceed $75,000.[1]

26.    The foregoing is competent proof that Plaintiff seeks damages in excess of $75,000.

27.    Because this action is between citizens of different states and the matter in controversy clearly exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

28.    Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

**III.    VENUE AND NOTICE TO STATE COURT**

29.    Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Because the State Court Action is pending in New Hampshire, venue, for purposes of removal, is proper in this Court pursuant to 28 U.S.C. §§ 1441 and 1446(a). Defendant, therefore, removes this action to the United States District Court for the District of New Hampshire.

30.    Promptly upon the filing of this Notice of Removal, Defendant shall file a Notice to the New Hampshire Superior Court, Rockingham County of Filing a Notice of Removal to Federal Court, together with a copy of the Notice of Removal, with  the New Hampshire Superior

---

[1] In making the foregoing calculations of approximate damages, Defendant does not imply that Plaintiff is entitled to any relief in this action. To the contrary, Defendant maintains that Plaintiff is not entitled to any of the purported damages or other relief sought in the Complaint.

Court, Rockingham County, and will serve a copy thereof on Plaintiff, pursuant to 28 U.S.C. § 1446(d). A copy of this Notice (without exhibits) is attached hereto at **Exhibit C.**

31.    The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information, and belief, formed after reasonable inquiry, certifies that Defendant's legal contentions are warranted by existing law. The undersigned, likewise, certifies that this Notice of Removal is not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

## IV.    CONCLUSION

32.    Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever (or that the damages Plaintiff seeks may be properly sought).

33.    Should Plaintiff seek to remand this case to state court, Defendant respectfully asks that it be permitted to brief and argue the issue of this removal before any order remanding this case. In the event the Court decides remand is proper, Defendant asks that the Court retain jurisdiction and allow Defendant to file a motion asking this Court to certify any remand order for interlocutory review by the Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

34.    Based on the foregoing, this Court has original jurisdiction over this action based on diversity of the parties under 28 U.S.C. § 1332. Therefore, the Court properly may exercise jurisdiction over this lawsuit. *See* 28 U.S.C. § 1441(a).

WHEREFORE, Defendant respectfully requests that the above-described action removed to the United States District Court for the District of New Hampshire.  Defendant also requests all other relief, at law or in equity, to which it is entitled.

- 8 -

Dated: April 18, 2025

Respectfully submitted,

**LOWE'S HOME CENTERS, LLC**

By its attorney,


*/s/ William P. Perkins*

William P. Perkins, N.H. Bar No. 265418
wperkins@seyfarth.com
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York  10018
Telephone:  (212) 218-5500
Facsimile:  (212) 218-5526

Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I certify that on April 18, 2025, true and correct copies of the foregoing **DEFENDANT'S NOTICE OF REMOVAL WITH EXHIBITS A-C** were filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.  A true copy of the foregoing was also served upon all counsel of record via United States Postal Service, proper postage prepaid, and email at the following address:

> Leslie H. Johnson, Esq.
> Law Office of Leslie H. Johnson, PLLC
> PO Box 265
> Center Sandwich, NH 03227
> (603) 284-6600
> leslie@lesliejohnsonlaw.com

> */s/ William P. Perkins*
> William P. Perkins

68522614v.1